Filed 7/25/24  P. v. Thomas CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY ROMEL THOMAS, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B334298<br>(Super. Ct. No. 2015004140)<br>(Ventura County) |

Gregory Romel Thomas, Jr., appeals from a postjudgment order denying his motion to vacate an unauthorized sentence. Thomas's appointed counsel filed a brief identifying no arguable issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*).  Thomas filed a brief, raising several contentions. Because we do not have jurisdiction to decide this appeal, we dismiss it.

## FACTUAL AND PROCEDURAL HISTORY

In 2019, a jury convicted Thomas of assault with a deadly weapon on a police officer.  (Pen. Code, § 245, subd. (c).)  He admitted three qualifying strike offenses—two Oklahoma robbery convictions and one federal conviction for conspiracy.  He was sentenced to 25 years to life in state prison.

Four years after sentencing, Thomas filed an in pro per motion to vacate his sentence.  He alleged his sentence was unauthorized because (1) two of his prior strike convictions arose out of a single act against the same victim in the same course of conduct and thus one strike was required to be stricken, and (2) his prior conviction for robbery in Oklahoma could not be considered a strike because a robbery conviction in California requires different elements.

The trial court denied his motion.  The court ruled that it lacked jurisdiction over the motion.  (*People v. King* (2022) 77 Cal.App.5th 629, 636-637 (*King*).)  The court also found that Thomas failed to allege an unauthorized sentence and that his motion failed on the merits.

## DISCUSSION

When an appellate counsel finds no arguable issues in an appeal from the denial of a postconviction request for relief, we are not required to conduct an independent review of the record.  (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.)  We give the defendant the opportunity to file his or her own supplemental brief and we then evaluate any specific arguments raised.  (*Id.* at pp. 231-232.)  Thomas has submitted supplemental briefing.  However, we lack jurisdiction to decide his claims on appeal.  (*King, supra*, 77 Cal.App.5th at p. 634.)

Generally, " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*King, supra*, 77 Cal.App.5th 634.)  If the court does not have jurisdiction to rule on such a motion, an order denying it is nonappealable, and any appeal should be dismissed.  (*Ibid.*)  There is no exception to this rule when a defendant, such as Thomas, moves to vacate a sentence on the ground that it is unauthorized.  If "the fact that a sentence is unauthorized itself created jurisdiction in the trial court to change the sentence, a defendant could establish jurisdiction any time simply by filing a motion alleging an unauthorized sentence. And if such a motion always conferred jurisdiction on the trial court, an order denying relief would affect a substantial right and would therefore be appealable.  [Citation.]  Such a mechanism to evade the jurisdictional limits on a trial court's authority to modify a sentence already in execution would impermissibly allow a defendant to 'revive lapsed jurisdiction by his own unilateral act.' [Citation.]" (*Id.* at pp. 639-640.)

Moreover, "a freestanding motion challenging an incarcerated defendant's sentence" such as the motion to vacate here, "is not a proper procedural mechanism to seek relief." (*King, supra*, 77 Cal.App.5th at p. 640.)  "A motion is not an independent remedy, but must be attached to some ongoing action.  [Citation.]  Thus, a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm." (*King*, at p. 640.)  "The unavailability of a motion procedure does not deprive wrongfully

3

incarcerated defendants of a remedy" because the writ of habeas corpus remains available.  (*Ibid.*)

Because we lack jurisdiction over the appeal, we also decline appointed counsel's request to independently review the record.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Ronda J. McKaig, Judge

Superior Court County of Ventura

_____

Olivia Meme, under appointment by the Court of Appeal,
for Defendant and Appellant.

No appearance for Plaintiff and Respondent.